## CIRCUIT COURT OF HENRICO COUNTY

In re Claire Elizabeth Stevenson
and Halsey Bidwell Stevenson, IV

September 22, 1978

By JUDGE E. BALLARD BAKER

Roger Epley and Anne Epley have petitioned for the adoption and change of name of Clare Elizabeth Stevenson (4-5-68) and Halsey Bidwell Stevenson, IV (7-22-69). Mrs. Epley is the mother of the children. Halsey Bidwell Stevenson, III, the father, does not consent. An ore tenus hearing was held on September 15, 1978.

The Stevensons were divorced in July, 1972, with custody of the children going to the mother. On May 26, 1973, she married Roger Epley. At all times since the divorce the children have been with the mother, except for visitation. There is no question as to the fitness of Roger Epley as an adoptive parent, nor is there any question as to his ability to support the children and be a good adoptive father. By all criteria, including the relationship between the children and Roger Epley, he is well qualified.

The only issue is the effect to be given Halsey Stevenson's failure to consent.

In *Malpass v. Morgan*, 213 Va. 393 (1972), the following rule was stated:

> Where . . . there is no question of the fitness of the non-consenting parent and he has not by conduct or previous legal action lost his rights to the child, it must be shown that continuance of the relationship between the two would be detrimental to the child's welfare . . . (213 Va. 399).

There *is no evidence that Halsey Stevenson is unfit,* nor does it appear that by conduct or previous legal action has he lost his rights. He has lived in Ohio and has had the children with him each Summer for visitation, except in 1978 when Anne Epley refused to let the children go for fear they would not be returned. He says he has seen them as often as possible, remembers birthdays and Christmas, but is not much on writing letters or making telephone calls. While he and Anne Epley disagree on whether support is in arrears, he contends he is current and I find no loss of parental rights in that respect.

Halsey Stevenson's basic position is that he loves his children, wants a never-ending relationship with them and, while recognizing some benefits to them for adoption, does not think they are sufficient.

The case turns on whether it has been shown that the continued relationship would be detrimental to the welfare of the children.

A clinical psychologist and the welfare worker who made the investigation of the Epleys for the adoption testified in favor of the adoption. They had talked with the Epleys and the children, but not with Mr. Stevenson. Their testimony is similar in that each say the children favor adoption, and the children do not like the length of the visitation with their father, and some other things about the visitation. If adoption is not granted, the psychologist would expect some detriment in the terms of who the children perceive as parents. The welfare worker would expect some adverse effect on the children because of the response from the children when visitation with the father is discussed.

Halsey Stevenson and his present wife were surprised to hear the children did not enjoy the visitation. They testified to happy times during the visitation periods. Mr. Stevenson did not believe that his children want the adoption.

If the children are in fact unhappy with the length of visitation, that is a matter which can be discussed between the parties and the children in an effort to reach a satisfactory arrangement. If that is not successful, then visitation can be considered at a court hearing. However, if the father desires an opportunity for visitation and maintains his support obligation, dissatisfaction

with the prospect of visitation is not sufficient, in my view, to grant adoption and thereby end the rights of the father. I recognize that other things are urged as reasons for adoption but I do not believe them to be of sufficient weight to grant the adoption.

These children are said to be bright and personable. Their feelings towards the father today are one thing; what they might be under different circumstances in the future may be entirely different.

Upon the evidence presented, I do not believe it has been shown that the adoption should be granted without the consent of Halsey Stevenson, III.